UNITED STATES *v.* BOSTON PAPER BOARD CO. (No. 3947)[1]

[1] T. D. 48233.

United States Court of Customs and Patent Appeals, March 23, 1936

*Joseph R. Jackson,* Assistant Attorney General (*Ralph Folks* and *Daniel I. Auster,* special attorneys, of counsel), for the United States.

*Barnes, Richardson & Halstead* (*Joseph Schwartz* of counsel) for appellee.

[Oral argument February 5, 1936, by Mr. Folks and Mr. Schwartz]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court, First Division, affirming a decision of

the trial court dismissing an appeal by the Collector of Customs at the port of Buffalo, N. Y., for reappraisement of 224 rolls of paper invoiced as "Standard Newsprint Paper." The importation in question was under the Tariff Act of 1930.

The appraiser approved the entered value of the merchandise, which was $1.25 per cwt., less freight, and the collector appealed, claiming that the foreign value was $1.50 per cwt., less freight.

The collector designated 2 rolls out of the 224 for examination, but 7 rolls were actually examined by the appraising officers.

It appears from the record that the involved merchandise was appraised at its entered value on September 5, 1933, that the entry was liquidated at such value by the collector on October 17, 1933, and that on November 1, 1933, after such liquidation, the collector appealed to reappraisement.

Before the trial court appellee's counsel moved to dismiss the collector's said appeal upon two grounds, viz:

1. That the number of packages designated by the collector for examination, and the examination of packages as shown by the return of the appraiser, did not comply with law.

2. That prior to the expiration of the 60 days allowed by law for appeal to reappraisement the collector liquidated the entry of the merchandise here involved, and subsequent to said liquidation filed said appeal to reappraisement.

The trial court denied appellee's motion to dismiss insofar as it was based upon said second ground, holding that the liquidation by the collector on October 17, 1933, was void because at that date the appraisement had not become final, the sixty days allowed for appeals to reappraisement not having then expired, but granted appellee's said motion to dismiss the appeal upon the ground that the—

attempt at appraisement of less than one package of every invoice, and of less than one package of every ten packages of this instant merchandise is null and void and of no force and effect.

Thereupon judgment was entered by the trial judge dismissing the appeal to reappraisement.

Upon appeal to the division, the judgment of the trial judge was affirmed and judgment was entered accordingly. From such judment the Government took this appeal.

The only question before us is as to the dismissal of the collector's appeal upon the ground that the appraisement was null and void, that being the only issue raised before us.

Section 499 of the Tariff Act of 1930, insofar as is here pertinent, reads as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

\* \* \* The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of

appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary. * * *

It is conceded that the collector designated, and that there were examined by the appraising officers, less than one package of every ten packages of the merchandise here involved. There were 224 packages; the collector designated 2 and the appraising officers examined 7 of the packages of merchandise.

The Government, however, relies upon a certain letter dated August 6, 1932, written by the Acting Secretary of the Treasury to the Collector of Customs at Buffalo, N. Y., which letter in part reads as follows:

SIR: Reference is made to the Department's letters of September 4 and October 29, 1925 (102057), relative to the designation of packages for examination at your port under section 499 of the tariff act.

I am of the opinion that the examination of less than one package of every ten packages of each importation of the articles hereafter enumerated will amply protect the revenue.

You are, therefore, hereby authorized to examine a less number of packages than 10 percent of importations of the following articles, but in no case shall less than 1 percent of every invoice of such articles be examined, except upon special instructions from the Secretary of the Treasury.

There then follows a list of 108 articles, among which is included the following: "Paper, newsprint."

Upon the invoice in the case at bar there appears in print the following: "Standard Newsprint Paper," but the consumption entry describes the merchandise as "Printing Paper."

It is the Government's contention that said letter, above quoted in part, is a special regulation of the Secretary of the Treasury, and that therefore the designation by the collector of 2 packages and the examination by the appraising officers of 7 packages fully complied with the provisions of said section 499.

The trial court and the division held that said letter of the Acting Secretary of the Treasury was not a special regulation within the meaning of said section 499. We do not find it necessary to decide this question because, assuming for the purposes of this case that said letter is a special regulation, there was a failure upon the part of the collector to designate the number of packages for examination required by such letter. He designated 2 packages, which is, of course, less than 1 per centum of 224 packages. Inasmuch as the designation of less than 10 per centum of the packages was permitted solely under a

purported special regulation by the Secretary of the Treasury, under a discretion reposed in him alone by the tariff act, the collector was bound to a strict compliance with the terms of said purported special regulation.

In a number of decisions we have held that the statute imposing upon the collector the duty of designating the number of packages to be examined was mandatory. In the case of *C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943, we said:

* * * We have held, uniformly, that under the provisions of section 2901, Revised Statutes, with certain exceptions, the mandatory duty was imposed upon the collector to designate at least one package of every ten packages of merchandise to be opened, examined, and appraised, and to be sent to the public stores for such examination and for the local appraiser to examine the same and retain samples. Our latest expression on the subject is found in *United States* v. *Steffan & Sons*, 18 C. C. P. A. (Customs) 455, T. D. 44702. The authorities on the subject are extensively reviewed in *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118. The rule is so well settled that further reference to the authorities is unnecessary.

To the same effect is the case of *United States* v. *Davis, etc.*, 20 C. C. P. A. (Customs) 305, T. D. 46087.

We would observe that section 2901, Revised Statutes, referred to in the above quotation from the *Tower & Sons* case, is the original predecessor of said section 499 of the Tariff Act of 1930.

The case of *United States* v. *Geo. W. Beermaker, etc.*, 23 C. C. P. A. (Customs) 48, T. D. 47714, arose under the Tariff Act of 1930. In our opinion in that case we said, speaking of the case of *United States* v. *Davis, supra:*

* * * We there held that the provisions of said section 499 [of the Tariff Act of 1922, identical with section 499 of the Tariff Act of 1930] requiring the designation by the collector of not less than one package of every ten packages to be opened and examined was mandatory, and that there could be no valid appraisement of merchandise where there had not been opened and examined at least one package of every ten packages of the merchandise in any importation. The reasons given for this holding, with citation of authority, were set out at length in our opinion in that case and meet with our approval now.

* * * * * * *

* * * We also think that it is clearly within the power of the collector, after designating all of the merchandise for examination, to modify this designation by requiring a less number to be examined, *provided always that he must designate not less than one package of every invoice and not less than one package of every ten packages of merchandise for examination.* (Italics supplied.)

The case of *MacMillan Co.* v. *United States*, 11 Ct. Cust. Appls. 466, T. D. 39536, arose under the tariff act of 1913, when said section 2901, Revised Statutes, was in effect. We there said:

The goods can not be examined or appraised until they are brought within the territorial jurisdiction of the United States with intention to unlade and not then until they are entered at the Custom House *and the collector, after presentation of importer's entry and invoice, designates on the entry and invoice the package or*

*packages to be examined or appraised.* Section 2901, Revised Statutes. (Articles 230, 563, 572, 582, 1120, and 1124, Customs Regulations, 1915.) (Italics supplied.)

In view of our repeated decisions upon this subject, we must hold that the failure of the collector to designate more than 2 packages of the involved merchandise for examination rendered the appraisement null and void; for, even considering the said letter of the Acting Secretary of the Treasury to be a special regulation, the designation of not less than 3 packages was required.

It is insisted, however, that inasmuch as it is established that 7 packages of the merchandise were examined by the appraising officers, the defect in the designation by the collector of only 2 packages was cured. Had the collector accepted the appraisement made and liquidated the entry accordingly, this argument might be made with some plausibility; but he did not. His attempted liquidation of the entry prior to the expiration of the time for appeal to reappraisement was properly held by the trial court and the division to be null and void, and therefore there was no official act of the collector accepting the examination and appraisement of 7 packages. His only valid official act subsequent to the examination and appraisement of the merchandise by the local appraiser was his appeal to reappraisement. Inasmuch as the liquidation of the collector was void, this question of ratification is not present here, and we express no opinion as to the power of the collector to cure an invalid designation by subsequent ratification of the examination by the appraising officers of a sufficient number of packages to comply with the mandatory provisions of the law.

· We hold that, upon the record before us, the failure of the collector to designate more than 2 packages of the merchandise for examination rendered the appraisement from which he appealed null and void, and the lower tribunals correctly so found.

Ordinarily, in such a case, judgment should be rendered declaring the appraisement null and void instead of dismissing the appeal. *United States* v. *Porto Rico Coal Co.*, 17 C. C. P. A. (Customs) 288, T. D. 43716.

In the case of *United States* v. *Davis, etc., supra,* we affirmed a judgment of the Customs Court (appellate division) which affirmed a judgment of the trial judge in a reappraisement proceeding, adjudging that the appraisement therein involved was null and void.

However, in the case at bar, the collector took the appeal, and upon the trial before the single judge of the United States Customs Court, before the appellate division of that court, and here, has contended that the appraisement was valid and that there should be a finding of the value of the merchandise. In view of the fact that the invalidity of the appraisement arises wholly out of an omission of

the collector, and in view of the Government's contentions as above stated, we think the dismissal of the collector's appeal to reappraisement was, under the circumstances, proper.

For the reasons stated herein, the judgment of the United States Customs Court, First Division, is *affirmed*.